UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM ERIC ARNETTE,

                Plaintiff,

   v.

STATE OF WASHINGTON, KING COUNTY,

                Defendants.

Case No. C17-451 JLR-BAT

**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND**

William Eric Arnette, a pro-se prisoner incarcerated at the Washington Corrections Center (WCC), submitted a 42 U.S.C. § 1983 complaint against the State of Washington and King County. The Court **DECLINES** to serve the complaint because, as discussed in more detail below, the complaint contains numerous deficiencies. However, the Court **GRANTS** Mr. Arnette leave to file an amended complaint by **May 26, 2017.**

**BACKGROUND**

Mr. Arnette alleges that his assigned counsel, who was related to the judge in his criminal case, provided ineffective assistance of counsel and violated his right to conflict free counsel by failing to properly advise him as to his plea. Mr. Arnette also claims that his right to a speedy trial was violated and that his case should have gone to trial in January 2017. Dkt. 4-1. Mr. Arnette asks the Court to help him file a lawsuit. *Id.*

ORDER DECLINING SERVICE AND GRANTING LEAVE TO
AMEND - 1

**DISCUSSION**

An inmate such as plaintiff may bring an action for violation of his constitutional rights under 42 U.S.C. § 1983 if he can show that (1) a state actor (2) violated his constitutional rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). However, based on the facts alleged in his complaint, Mr. Arnette fails to state a viable claim for relief under § 1983.

**A.      Criminal Plea/Conviction**

Mr. Arnette seeks relief in this § 1983 action for conduct that led to his conviction. However, he has not alleged that the conviction has been invalidated.

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose*

*v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Thus, claims relating to Mr. Arnette's criminal conviction are not yet cognizable § 1983 claims and he must show cause why his claims should not be dismissed.

**B.     State of Washington and King County as Defendants**

In addition, plaintiff has failed to name proper parties to his complaint. Neither a state nor its officials acting in their official capacities are "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). States and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999). The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982). Therefore, the State of Washington cannot be named as a defendant.

Although King County may be sued under § 1983, to hold such a municipality liable, a plaintiff must show the municipality itself violated his rights or that it directed its employee(s) to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] Officers." *City of St. Louis v.*

ORDER DECLINING SERVICE AND GRANTING LEAVE TO
AMEND - 3

*Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, to sue a local governmental entity, a plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the local governmental unit. *Id*. There are no such allegations contained in Mr. Arnette's complaint.

Finally, Mr. Arnette is advised that a state public defender performing traditional lawyer functions is not a state actor for purposes of Section 1983. *See, e.g., French v. Carlson,* 368 Fed.Appx. 839 (9th Cir. 2010).

## CONCLUSION

The Court **DECLINES** to serve the complaint which as discussed above is deficient. The Court realizes Mr. Arnette is proceeding pro se. Thus rather than simply dismissing the action, the Court grants him permission to file an amended complaint to cure the above-mentioned deficiencies by **May 24, 2017.** The amended complaint must carry the same case number as this one. **If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

DATED this  28th  day of April, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND - 4