UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM ERIC ARNETTE,<br><br>      Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, et al.,<br><br>      Defendants. | Case No. C17-451 JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

William Eric Arnette, who is currently incarcerated at the Washington Corrections Center, filed a civil rights complaint against the State of Washington and King County. Dkt. 6. The Court declined to serve the complaint because Mr. Arnette failed to name a proper defendant, his claims against the state public defender and state governmental entities were subject to dismissal, and his challenge to his state criminal proceedings is barred by the *Heck* doctrine. Dkt. 7.

Mr. Arnette was granted leave to file an amended complaint to cure the noted deficiencies. *Id.* Mr. Arnette filed an amended complaint (Dkt. 8), however, it suffers from the same deficiencies already noted by the Court. Dkt. 8, p. 3. Accordingly, the undersigned recommends that the Court dismiss the complaint without prejudice.

## PLAINTIFF'S ALLEGATIONS

Mr. Arnette alleges that his assigned counsel, the wife of a judge who previously wrongfully convicted him of a juvenile offense, provided ineffective assistance of counsel in Mr.

REPORT AND RECOMMENDATION - 1

Arnette's King County Superior Court criminal case. Mr. Arnette also claims that his right to a speedy trial was violated. Dkt. 8. Mr. Arnette seeks an investigation and a cash settlement. *Id.*

**DISCUSSION**

To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.  Criminal Plea/Conviction**

Mr. Arnette seeks relief in this § 1983 action for conduct that led to his conviction. Mr. Arnette was previously advised that, to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Mr. Arnette does not allege that his conviction has been invalidated and thus, any claims relating to his criminal conviction are not yet cognizable § 1983 claims and they should be dismissed.

**B.  Public Defender, King County Department for Accused, State of Washington**

Mr. Arnette has also failed to name proper parties to his complaint. A state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). In

addition, a governmental entity such as the King County Department for the Accused is not a proper party to a § 1983 complaint. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Additionally, Mr. Arnette does not allege a claim against King County, which is a municipality that can be sued under § 1983 because he does not allege how the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978).

Finally, neither a state nor its officials acting in their official capacities are "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). States and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999). The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982). Therefore, the State of Washington cannot be named as a defendant.

**CONCLUSION**

Mr. Arnette was granted leave to file an amended complaint to cure the deficiencies of his original complaint. His amended complaint suffers from similar deficiencies and it is clear that Mr. Arnette cannot allege facts entitling him to relief under 42 U.S.C. § 1983. Accordingly, the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim.** A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Thursday, June 8, 2017.** The Clerk should note the matter for **Monday, June 12, 2017** as ready for the District Judge's consideration if no objection is filed.

If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this  18th  day of May, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge